IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Fuce, II, ) | C/A No.: 3:25-cv-3053-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND |
| Joseph Fuce, Jr., ) | RECOMMENDATION |
| ) | |
| Defendant. ) | |
| ) | |

Joseph Fuce, II ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Joseph Fuce, Jr. ("Defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review his complaint for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this case be dismissed without issuance and service of process and without leave for further amendment.

I.   Factual and Procedural Background

In the amended complaint, Plaintiff states he, "Joseph II, is, a native Connecticuter, a private, spiritually Baptized, Christian, black freeman of the land known as South Carolina Republic." [ECF No. 6 at 2]. He claims Defendant is "an artificial person" who was "fraudulently constructed by the Yale-New Haven Hospital" when, without his mother's consent, Dr. S. Lavietes received "the afterbirth, (DNA)" from his birth and had it registered on April 13, 1966, in

the name of Defendant. *Id.* at 3. He alleges his mother subsequently applied for a social security number that was issued in the name of Defendant, without his knowledge or consent. *Id.* He asserts all contracts his mother entered on his behalf became null and void when he attained the age of 25. *Id.*

Plaintiff maintains that on June 12, 2024, he requested the Social Security Administration return "the fraudulent Social Security Earnings embezzled" from his compensation. *Id.* He notes the Social Security Administration declined to produce an earnings statement on October 8, 2024. *Id.*

Plaintiff requests the court issue a "Judicial determination[] and[] an Order[] to audit and liquidate all accounts assigned to FUCE, JOSEPH JR, ENS LEGIS ("artificial legal person"), and refund of all credits, entitlements, unauthorized bonds, and all fraudulent securities, to the Petitioner and the termination of all accounts upon completion of the audit and refunded Credits to the Petitioner." *Id.* at 1. He further requests that "upon the return of all entitlements" all accounts created in the name of Defendant be "<u>DELETED FROM ALL CORPORATE COMPUTERS.</u>" *Id.* at 6.

II.   Discussion

    A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible

abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387,

390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

Plaintiff's amended complaint makes little sense, and the undersigned has considered his original complaint and its attachments to shed more light on his allegations. *See* ECF Nos. 1, 1-1. Plaintiff attached to the original complaint a certificate of birth issued by the Connecticut State Department of Health, recorded on April 13, 1966, with a registration number of 106-66-14893. [ECF No. 1-1 at 18]. It reflects that "Joseph Fuce, Jr." was born on April 4, 1966, at "Yale-New Haven Hospital." *Id.* Plaintiff provided a certificate of baptism reflecting the baptism of "Joseph Fuce Jr" on June 19, 1982. *Id.* at 4. He provided a document bearing "REGISTRATION: # R.R. ~427~173~283:U.S." dated February 1, 2003, stating "this document supersedes the Certificate of Birth Reg. #106-66-14893- 4/12/66." *Id.* at 13. He attached a copy of a social security card bearing the name "JOSEPH FUCE JR," signed "Without Prejudice: Joseph: Fuce:

II:;" and dated September 25, 2023. *Id.* at 27. He included a "WORLD CITIZEN GOVERNMENT" passport issued on Apr 1, 2024, bearing the name "Joseph Fuce II," with a birthplace of "Land of Connecticut" and a birthdate of April 4, 1966. *Id.* at 5. He also attached a United States passport issued on February 15, 2024, bearing the name "JOSEPH FUCE II" and reflecting a place of birth of "CONNECTICUT, USA" and a date of birth of April 4, 1966. *Id.* at 6. He submitted an affidavit of truth/status indicating, among other things, that he is "a private spiritually created free-man" who is "neither subject to any entity anywhere, nor is any entity subject to [him]" and discussing the other attachments. *Id.* at 7–12.

Despite Plaintiff's allegations to the contrary, Plaintiff and Defendant are one in the same. It seems Plaintiff's mother named him "Joseph Fuce, Jr." and he proceed under that identity until February 2003, when he assumed the name "JOSEPH FUCE II" and asserted he was a sovereign citizen not beholden to the state or federal government. *See* ECF No. 1-1 at 4, 8, 13, 18. Despite his assertion that he is not subject to any entity and no entity is subject to him, he invokes this court's jurisdiction and requests it order he receive all the funds the Social Security Administration collected from his earnings in the name "Joseph Fuce, Jr." and any other financial benefits available to "Joseph Fuce, Jr." and absolve him of all debts or other obligations owed by "Joseph Fuce, Jr." *See* ECF No. 6.

"Sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013). They "attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws." *El-Bey v. United States*, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009); *see also Presley v. Prodan*, Case No. 3:12-cv-3511-CMC-JDA, 2013 WL 1342465, *2 (D.S.C. March 11, 2013), *adopted by* 2013 WL 1342539 (D.S.C. April 2, 2013) (collecting cases describing the "sovereign citizen" movement).

In *Denton v. Hernandez*, the Supreme Court explained:

> As we stated in *Neitzke,* a court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," 490 U.S., at 327, 109 S.Ct., at 1833, a category encompassing allegations that are "fanciful," *id.,* at 325, 109 S.Ct., at 1831, "fantastic," *id.,* at 328, 109 S.Ct., at 1833, and "delusional," *ibid.* As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

504 U.S. 25, 32–33 (1992).

Plaintiff's complaint is characteristic of the "clearly baseless," "fanciful," "fantastic," and "delusional" assertions frequently advanced by sovereign citizens. This court and numerous others have dismissed complaints brought by sovereign citizens positing similar legal theories to those Plaintiff advances. *See Croteau v. Internal Revenue Service*, C/A No. 2:17-2973-JMC-MGB, 2017 WL

11113585, at *6 (D.S.C. Dec. 12, 2017) (finding Plaintiff's assertions that he was not subject to law, that he was personally immune from prosecution by virtue of his self-proclaimed status as an "Ambassador of Human Rights," and that the federal sentencing court lacked jurisdiction over him as a "sovereign citizen" legally and factually frivolous), *adopted by* 2019 WL 1055249 (Mar. 5, 2019); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases and noting that a court should summarily reject arguments that a person is beyond a court's jurisdiction because he is a "sovereign citizen," "secured-party creditor," or "flesh-and-blood human being"); *Williams v. U.S.*, C/A No. 5:21-CV-00061 (MTT/CHW), 2021 WL 1239810, at *2 (M.D. Ga. Apr. 2, 2021) ("It is plain on the face of Plaintiff's Complaint that his claims are brought under a sovereign citizen theory. This is a frivolous legal theory that is consistently rejected by federal courts.") (cleaned up); *Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792, 2013 WL 1281776, at *5 (N.D. Ala. Mar. 27, 2013) ("The ... theories of 'sovereign citizens' are not established law in this court or anywhere in this country's valid legal system."). As Plaintiff's complaint presents a frivolous sovereign citizen theory, the undersigned recommends the court dismiss it as frivolous pursuant to U.S.C. § 1915(e)(2)(B)(i).

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this matter be dismissed with prejudice and without leave for amendment, as further

amendment would not cure the legal deficiency addressed herein.

    IT IS SO RECOMMENDED.

April 23, 2025                                    Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).